Southern District of Texas
**ENTERED**
November 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROB LEON,<br><br>    Plaintiff,<br>VS.<br><br>KOCH INDUSTRIES,<br><br>    Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. 2:17-CV-288<br>§<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, MOTION FOR EXTENSION OF TIME, OR ALTERNATIVELY MOTION TO VACATE JUDGMENT**

Before the Court are Plaintiff's Motion for Leave to Amend Pleadings Pursuant to FRCP 15(a), Motion to Enlarge Response Time to 12(b)(6) Motions Pursuant to FRCP 6(b)(2), and Alternatively, Motion to Vacate Judgment Pursuant to Rule 60(b), filed September 29, 2017. For the reasons that follow, Plaintiff's motions are **DENIED**.

### I.    **Factual and Procedural Background**

Plaintiff Rob Leon originally filed his complaint against Defendant on June 22, 2017, in the County Court at Law Number 1 of Nueces County Texas. Plaintiff alleged that he was discriminated against on the basis of his gender and national origin in violation of Title VII of the Civil Rights Act of 1964 and that Defendant retaliated against him after he reported "violations of law" and "policy violations." On August 25, 2017, Defendant Koch Industries removed this case to this Court under 28 U.S.C. § 1441(a).

On September 1, 2017, Defendant filed a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(1) and 12(b)(6) on two grounds: (1) for failure to exhaust administrative remedies, and (2) failure to plead facts establishing his stated claims. Plaintiff failed to respond to Defendant's motion to dismiss before his response deadline of September 22, 2017. Local Rules 7.3 and 7.4 of the U.S. District Court for the Southern District of Texas require that any response to a motion be filed no later than 21 days after the motion is filed. Plaintiff neglected to file a response, amend his complaint, or request an extension of time to respond. The Court granted Defendant's motion to dismiss on September 27, 2017, ruling that "it is therefore ordered, adjudged, and decreed that judgment be entered in Defendant's favor of Plaintiff's claims, and that the same be dismissed without prejudice."

On September 29, 2017—one week after his response was due but promptly after notice of the Court's decision—Plaintiff filed a motion for leave to amend his complaint under Rule 15(a), a motion for an extension of time to respond to Defendant's motion to dismiss under Rule 6(b)(2), and alternatively, a motion to vacate the Court's judgment under Rule 60(b). The motions were supported by an affidavit from Plaintiff's counsel which attested to the following: (1) Plaintiff's counsel and his family evacuated Corpus Christi from August 25, 2017 until September 4, 2017 due to Hurricane Harvey, which created a "backlog of work"; (2) Plaintiff's counsel experienced "technical issues" with his PACER account beginning around September 4, 2017 which hindered his ability to access documents filed in this case and delayed his ability to respond to Defendant's motion; and (3) Plaintiff's counsel had mistakenly entered the deadline to respond to Defendant's motion in his calendar as October 25, 2017, which was the date of the initial

pretrial conference.

On October 19, 2017, the Court held a hearing regarding Plaintiff's motion. Plaintiff's counsel offered the three reasons in the affidavit in support of his argument that excusable neglect existed warranting relief under Rule 60(b). The Court questioned Plaintiff's counsel at length during the hearing and now concludes the affidavit is not reliable.

Hurricane Harvey was not a factor. It made landfall in Corpus Christi on August 25, 2017. Plaintiff's counsel evacuated Corpus Christi on August 25, 2017 and returned on September 4, 2017. The Court notes that the hurricane did not cause significant damage or disruption to Corpus Christi as it did to neighbors to the north along the Texas gulf coast. Defendant's motion to dismiss was filed on September 1, 2017—only days before Plaintiff's counsel returned to his office. Plaintiff's counsel stated he was aware a motion had been filed when he returned on September 4, 2017, giving him several weeks to prepare a response.

No "technical issue" interfered with notice of the Defendant's motion. Plaintiff's counsel could not access his PACER account because he had not paid the balance due ($30.00). He admitted at the hearing that he did not experience any "technical issues." Plaintiff's counsel was informed of the unpaid balance in June 2017, and stated that he found on his return to Corpus Christi he could not access any documents in this case. Plaintiff's counsel could have obtained a copy of Defendant's motion if he had inquired with Defendant's counsel or this Court. After he paid his account balance, Plaintiff's counsel had full access to his PACER account on September 21, 2017—the day before

his deadline to respond to Defendant's motion. Plaintiff's counsel's inability to access PACER also did not affect his ability to file a response, a motion to amend his complaint, or a motion for an extension of time to respond.

Carelessness does not count. Plaintiff's counsel mistakenly entered October 25, 2017 as the response deadline, which was nearly two months after Defendant's motion was filed. Plaintiff's counsel was aware of the motion by September 4, 2017. Local Rules 7.3 and 7.4 of the U.S. District Court for the Southern District of Texas state that any response to a motion must be filed within 21 days. Counsel's mistake is not good cause, but instead reflects his lack of knowledge of and attention to the Federal Rules of Civil Procedure and this Court's local rules for implementing them.

## II. <u>Legal Standard</u>

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> Although Rule 15(a)(2) vests the district judge with virtually unlimited discretion to allow amendments by stating that leave to amend may be granted when "justice so requires," there is a question concerning the extent of this power once a judgment has been entered or an appeal has been taken. Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.

6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1489 (3d ed. 2017). Under Rule 60(b)(1), the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether "excusable neglect" exists, a court should

4

consider "prejudice to the opposing party, length of the delay, and reason for the delay in determining whether the claimant's neglect was excusable and the delay was made in good faith." *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)).

The Fifth Circuit addressed whether Rule 60(b)(1) justifies vacating judgment when counsel's inadvertence is at issue:

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in "unique circumstances."

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (internal citations omitted). The *Edward H. Bohlin Co.* court stated that "[i]n fact, a [district] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)). The Fifth Circuit also recognized the effect of this rule when the plaintiff cannot re-file his or her claims: "[w]hile we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in *Link*, is to seek malpractice damages from the attorney." *Pryor v. U.S. Postal Serv.*,

769 F.2d 281, 289 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 634 n. 10 (1962)).

### III. Analysis

Relying on *Whitaker v. City of Houston*, Plaintiff contends that the Court's order granting Defendant's motion to dismiss should not be considered a final judgment. 963 F.2d 831 (5th Cir. 1992). In *Whitaker*, the district court granted the defendant's motion to dismiss in a memorandum and order. *Id.* at 833. The Fifth Circuit did not consider this a final judgment for several reasons: the ruling appeared on the last page of the memorandum and order rather than as a separate document, the district court considered the plaintiff's subsequently-filed motion to amend his complaint, and the district court did not dispute the plaintiff's characterization of the order as not a final judgment. *Id.* at 833-34. The Fifth Circuit found "on balance the evidence in this case indicates that the district court probably intended to dismiss only Whitaker's complaint, not his action." *Id.* at 834.

Unlike in *Whitaker*, in this case the Court's order of dismissal was a separate document which stated "it is therefore ordered, adjudged, and decreed that judgment be entered in Defendant's favor of Plaintiff's claims, and that the same be dismissed without prejudice." The *Whitaker* court emphasized that "[a]s no Rule 58 judgment was entered in this case, we are not directly concerned with the effect of entry of a Rule 58 judgment on the plaintiff's option to file a motion for permissive amendment. Nevertheless, we note that…once a Rule 58 judgment is entered amendment of the complaint is no longer possible." *Id.* at 835. Since final judgment was entered in this case, Plaintiff can only

6

amend his complaint if the Court vacates judgment under Rule 60(b).

Plaintiff argues judgment should be vacated on the basis of excusable neglect under Rule 60(b)(1).[1] In his motion and at the October 19, 2017 hearing, Plaintiff's counsel gave three reasons for his failure to file a response to Defendant's motion to dismiss: (1) "the backlog of work created by the hurricane evacuation"; (2) "technical problems with the PACER account for counsel"; and (3) "an incorrectly calendared response deadline." (D.E. 7, Page 8). The Court's findings reject these reasons. Plaintiff also contends that relief should be granted because he will not be able to re-file his claims for discrimination.

The Fifth Circuit has held that a district court did not abuse its discretion in rejecting the argument that counsel's "failure to update the email address on file with the Southern District of Texas [was] a mistake warranting Rule 60(b)(1) relief." *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 427 (5th Cir. 2015) (unpublished). In *Walker*, the plaintiff failed to serve the defendant within 120 days of filing his complaint. *Id.* at 424. Before the deadline expired, the magistrate judge ordered the plaintiff to file a report advising the court of his efforts to serve the defendant. *Id.* When the plaintiff did not respond, the magistrate judge entered another order directing the plaintiff to file a report and to show cause why the case should not be dismissed. *Id.* After again

---

[1] In his motion, Plaintiff moves to vacate the Court's judgment under Federal Rule of Civil Procedure 60(b)(6). Under Rule 60(b)(6), the Court can relieve a party from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, to prevail under Rule 60(b)(6), "a movant must show any reason justifying relief '*other than the more specific circumstances* set out in Rules 60(b)(1)-(5).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 502 (5th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)) (emphasis in original). In his motion and at the hearing, Plaintiff requested relief solely on the basis of "excusable neglect"; therefore the Court construes Plaintiff's motion as under Rule 60(b)(1).

7

receiving no response, the district court dismissed the plaintiff's claim without prejudice for want of prosecution. *Id.* The plaintiff's counsel, who had not received notice of the court's orders, only became aware of the dismissal after the statute of limitations had run, and sought relief from the order of dismissal under Rule 60(b) because of his failure to update his email address. *Id.* at 424-25. The court stated that "despite Walker's counsel's characterization of this oversight as a 'simple clerical mistake,' counsel did not fulfill his 'duty of diligence to inquire about the status of a case.'" *Id.* at 427 (citing *Edward H. Bohlin Co.*, 6 F.3d at 357).

Similarly to *Walker*, Plaintiff's counsel here claimed that "technical issues" and an improperly "calendared" response deadline resulted in his failure to file a response to Defendant's motion to dismiss. However, Plaintiff's counsel was unable to use PACER due to an unpaid balance on his account. He also had access to his account before the deadline to file a response, which allowed him an opportunity to at the very least request an extension of time to respond. Furthermore, the Fifth Circuit has held that a district court did not abuse its discretion when it found the failure to file a response to a motion for summary judgment did not constitute excusable neglect under Rule 60(b)(1) where the attorney forgot to "calendar" the response deadline. *Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012) (unpublished); *see also Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (unpublished) (affirming district court's ruling that failure to file a timely motion to reconsider due to a "calendar error" did not establish "excusable neglect" under Rule 60(b)(1)).

Plaintiff has not provided reasons that constitute excusable neglect. "[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co.*, 6 F.3d at 357. Although Plaintiff may not be able to re-file some claims, "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how 'unfair' this on occasion may seem." *Pryor*, 769 F.2d at 289 (citing *Link*, 370 U.S. at 634 n. 10). Finally, Plaintiff's counsel stated that Plaintiff may still be able to pursue claims related to his termination (such as his claim of retaliation for reporting violations of OSHA and TCEQ standards (D.E. 7-2, Page 7)), so Plaintiff is not entirely without legal redress.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court finds that Plaintiff has failed to establish excusable neglect justifying relief under Rule 60(b)(1). Since final judgment is not vacated under Rule 60(b)(1), Plaintiff cannot amend his complaint and is not entitled to an extension of time to respond to Defendant's motion. Accordingly, Plaintiff's motions are **DENIED**.

ORDERED this 14 day of November, 2017.

HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE